**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) Civil Action No.   5:23-cv-1109 (GTS/TWD) |
| Plaintiff, | ) |
| v. | ) |
| Assorted Jewelry, VL: $13,400.00, | ) |
| Defendant. | ) |

**STIPULATION OF SETTLEMENT**

**WHEREAS,** this Stipulation of Settlement is entered into by and between the United States of America, acting through United States Attorney Carla B. Freedman and Assistant United States Attorney Elizabeth A. Conger, and claimant, Jose Javier Cintron (the "Claimant"), collectively referred to as "the Parties" herein;

**WHEREAS,** the Government, brought this *in rem* action pursuant to 21 U.S.C. § 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions for the forfeiture of Assorted Jewelry, VL: $13,400.00, specifically described as (1) one 14 karat yellow gold cross pendant, 12.4 grams in weight, with an appraised value of $900; (2) one 10 karat yellow gold necklace, 24.1 grams in weight, with an appraised value of $2,000; (3) one 10 karat yellow gold curb and picture necklace, 29.8 grams in weight, with an appraised value of $2,300; (4) one 10 karat yellow gold rope and cross necklace, 25.3 grams in weight, with an appraised value of $2,000; (5) one 10 karat yellow gold curb bracelet, 21.2 grams in weight, with an appraised value of $1,700; (6) one 10 karat yellow gold rope and cross necklace, 23.2 grams in weight, with an appraised value of $2,000; (7) one 10 karat yellow gold ring, 10 grams in weight, with an appraised value of $800; and (8) one 10 karat yellow gold necklace with

hand pendant, 21.2 grams in weight, with an appraised value of $1,700, (the "Defendant Jewelry"), (Dkt. No. 1);

**WHEREAS,** on October 2, 2023, the Claimant, through his attorney, George F. Hildebrandt, Esq., filed a claim pursuant to Rule G(5) of the Supplemental Rules asserting ownership of the Defendant Jewelry, (Dkt. No.7); and

**WHEREAS,** the Parties have agreed to resolve this matter pursuant to the following terms;

**IT IS AGREED AND STIPULATED** that:

1. The Government, through the United States Marshal's Service ("USMS"), shall release the following item, which is part of the Defendant Jewelry, to the Claimant through his attorney, George F. Hildebrandt, Esq.:

    a) one 10 karat yellow gold curb and picture necklace, 29.8 grams in weight, with an appraised value of $2,300, ("Picture Necklace").

2. In consideration for the Government's agreement to release the Picture Necklace, the Claimant will withdraw his claim to all of the other items collectively comprising the Defendant Jewelry, and individually described below:

    a) one 14 karat yellow gold cross pendant, 12.4 grams in weight, with an appraised value of $900;

    b) one 10 karat yellow gold necklace, 24.1 grams in weight, with an appraised value of $2,000;

    c) one 10 karat yellow gold rope and cross necklace, 25.3 grams in weight, with an appraised value of $2,000;

    d) one 10 karat yellow gold curb bracelet, 21.2 grams in weight, with an appraised value of $1,700;

    e) one 10 karat yellow gold rope and cross necklace, 23.2 grams in weight, with an appraised value of $2,000;

    f) one 10 karat yellow gold ring, 10 grams in weight, with an appraised value of $800; and

    g) one 10 karat yellow gold necklace with hand pendant, 21.2 grams in weight, with an appraised value of $1,700.

3. The Claimant shall file his withdrawal to the items set forth in paragraph 2, *supra*, in a letter filed on the docket in the above-captioned matter.

4. Upon receipt of the Claimant's withdrawal, the Government will submit to the Court a proposed Order of Forfeiture and Judgment for the forfeiture of the Defendant Jewelry, less the Picture Necklace.

5. Upon the issuance of the Final Order Forfeiture and Judgment by the Court, the Government will direct the USMS to release the Picture Necklace to the Claimant's attorney, George F. Hildebrandt, Esq.

6. The Claimant releases all claims and causes of action against the Government, its agents, representatives, and attorneys that in any way relate to the seizure and forfeiture of the Defendant Jewelry and the above-captioned civil forfeiture matter.

7. This Stipulation of Settlement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation of Settlement is the United States District Court for the Northern District of New York.  For purposes of construing

this Stipulation of Settlement, it shall be deemed to have been drafted by both Parties and shall not, therefore, be construed against either Party for that reason in any subsequent dispute.

8. This Stipulation of Settlement constitutes the complete Stipulation of Settlement between the Parties. This Stipulation of Settlement may not be amended except by written consent of the Parties.

9. The Parties will both bear their own costs, expenses, and fees incurred in the above-captioned forfeiture action and any related proceeding, including any costs, expenses, and fees incurred in connection with the initial seizure of the Defendant Jewelry and administrative forfeiture proceedings. Each Party further expressly agrees to bear its own attorney's fees arising from or in connection to the above-captioned civil forfeiture matter and the initial seizure and administrative forfeiture of the Defendant Jewelry, whether past, present, or future.

10. The undersigned parties and individuals represent and warrant that they are fully authorized to execute this Stipulation of Settlement on behalf of the persons and entities indicated below.

11. This Stipulation of Settlement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation of Settlement.

12. This Stipulation of Settlement is binding on the Claimant's successors, transferees, heirs, and assigns.

**FOR THE UNITED STATES**

CARLA B. FREEDMAN
United States Attorney

Dated: _____, 2023

*Elizabeth A. Conger*
Digitally signed by ELIZABETH CONGER
Date: 2024.01.09 09:05:11 -05'00'

Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

**CLAIMANT**

Dated: 12/30/23, 2023

*Jose Cintron*
Jose Javier Cintron

**COUNSEL FOR CLAIMANT**

Dated: 1/8/24, 2023

*George Hildebrandt*
George F. Hildebrandt, Esq.
Attorneys for Claimant
220 South Warrant Street, 10th Floor
Syracuse, New York 13202
Phone: (315) 434-5656

IT IS SO ORDERED.
Dates and entered this ___9th___ day of January, 2024.

*Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge